UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM LAFAYETTE MONDY,

    Plaintiff,

v.                        CASE No. 8:13-CV-2545-T-27TGW

CLAFLIN UNIVERSITY and
SOUTH CAROLINA RESEARCH
AUTHORITY,

    Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Doc. 2) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for his complaint against the defendants.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to

redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

In the first place, the plaintiff has not demonstrated that this case is properly brought in this district. The defendant Claflin University is an institution located in Orangeburg, South Carolina. The plaintiff has not alleged any facts that come within the categories of cases that would permit this suit to be brought here. See 42 U.S.C. 2000e-5(f)(3).

Moreover, the plaintiff has not alleged any facts showing a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). While the plaintiff purports to allege a claim under the Americans with Disabilities Act, he has alleged only legal conclusions, and has not set forth any facts demonstrating a viable claim.

Further, he has attached a notice from the Equal Employment Opportunity Commission stating that his charge was not timely filed. While the plaintiff asserts he is entitled to equitable tolling, he has not alleged any facts supporting such a contention.

For these reasons, the plaintiff's complaint is deficient and is subject to dismissal. 28 U.S.C. 1915(e)(2)(B)(ii). However, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under F.R.Civ.P. 15). I therefore recommend that the complaint be dismissed without prejudice and the Motion for Leave to Proceed In Forma Pauperis (Doc. 2) be deferred pending an opportunity for the plaintiff to file within 30 days a cognizable amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER *16*, 2013

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).