UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM LAFAYETTE MONDY,

      Plaintiff,

v.                                              CASE No. 8:13-CV-2545-T-27TGW

CLAFLIN UNIVERSITY and
SOUTH CAROLINA RESEARCH
AUTHORITY,

      Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Doc. 2) pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for his complaint against the defendants.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if

the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's original complaint was dismissed without prejudice for failure to state a claim on which relief may be granted, and the plaintiff's motion for leave to proceed in forma pauperis was deferred pending the filing of an amended complaint (Doc. 5). The plaintiff's amended complaint, which asserts that the defendants violated the Americans with Disabilities Act ("ADA"), is still grossly deficient.

The twenty-three page amended complaint violates Rule 8(a)(2), F.R.Civ.P.,'s requirement of "a short and plain statement of the claim," since it alleged at length circumstances that have nothing to do with a claim for disability discrimination. Moreover, the rambling pleading does not allege facts showing a failure to accommodate the plaintiff's mental impairment by not providing a private office in which to work (Doc. 6, p. 16). Further, the plaintiff's Equal Employment Opportunity Commission ("EEOC") charge of discrimination was dismissed as untimely (Doc. 1-1, p. 2), and the plaintiff has not set forth facts showing a plausible basis for equitable tolling (Doc. 6, pp. 21-22). In addition, the plaintiff seeks to sue the South Carolina Research

Authority, but that party was not mentioned in the EEOC charge (Doc. 1-1), and it is not likely that it could be sued in federal court anyway because of the Eleventh Amendment.   <u>See</u> <u>Rizo</u> v. <u>Alabama Department of Human Resources</u>, 228 Fed. Appx. 832, 835 (11th Cir. 2007).   However, most significantly – because it means that any further attempts to amend the complaint would be futile – venue is not proper in this district.

The venue provisions of Title VII of the Civil Rights Act of 1964 ("Title VII") apply to claims brought under the ADA.  <u>Clemmons</u> v. <u>Animal Care & Control of NYC</u>, 2012 WL 5987862 at *2 n.5 (N.D. Ga.); <u>Bell</u> v. <u>United Air Lines, Inc.</u>, 2011 WL 11048116 at *2 (S.D. Fla.).  In this respect, Title VII states, in pertinent part (42 U.S.C. 2000e-5(f)(3)):

> Such an action may be brought in any judicial
> district in the State in which the unlawful
> employment practice is alleged to have been
> committed, in the judicial district in which the
> employment records relevant to such practice are
> maintained and administered, or in the judicial
> district in which the aggrieved person would have
> worked but for the alleged unlawful employment
> practice, but if the respondent is not found within
> any such district, such an action may be brought
> within the judicial district in which the respondent
> has his principal office. For purposes of sections
> 1404 and 1406 of Title 28, the judicial district in

which the respondent has his principal office shall
in all cases be considered a district in which the
action might have been brought.

The plaintiff has failed to establish that this matter is properly
brought in this district. Thus, in the amended complaint, the plaintiff states
that he experienced "discriminatory policies" while "in the state of South
Carolina" (Doc. 6, p. 6). Further, the relevant documents for this case "are
maintained at Defendants' headquarters within the District of South
Carolina"(id., pp. 5-6). Finally, the record indicates that the plaintiff worked
in Orangeburg, South Carolina (see Doc. 6-2, pp. 44-45 (the plaintiff
requested temporary housing in Orangeburg until he could find a home)).[*]
Consequently, this case should be dismissed without prejudice on the ground
of improper venue. Robertson v. Donahoe, 2012 WL 2917992 (M.D. Fla.);
Bell v. United Air Lines, Inc., supra, 2011 WL 11048116 at *2; see Pinson
v. Rumsfeld, 192 Fed. Appx. 811, 816-17 (11th Cir. 2006).

The plaintiff seeks to avoid the venue problem by reference to
28 U.S.C. 1404(a), which authorizes in some circumstances a transfer of a

---

[*]Although the plaintiff alleges that he has worked in Tampa, Florida, it does not
appear that he was employed by the defendants at that time.

-4-

case to another district. Of course, the plaintiff is not seeking to utilize §1404 for the stated purpose of transferring an action, but is attempting to use it for the purpose of authorizing the filing of a suit here in the first instance. Regardless, even if the statute could be misused in that way, it would still not permit venue in this district. In quoting §1404, the plaintiff leaves off the language which permits transfer only "to any other district or division where it might have been brought" (see Doc. 6, p. 4). As previously shown, this disability discrimination lawsuit could not have been brought in this district. Consequently, §1404 provides no basis for holding that venue is proper here.

Arguably, this case could be transferred to the District of South Carolina pursuant to 28 U.S.C. 1406. However, not only has the plaintiff made no request for a transfer to South Carolina, but he has argued strongly against proceeding in South Carolina. However, if the plaintiff has a change of heart, he could request such a transfer in response to this Report and Recommendation. But even if he did make such a request, I would recommend against a transfer, since it seems to me to be contrary to the interest of justice to burden the court in South Carolina with this grossly deficient amended complaint.

For the foregoing reasons, I recommend that the Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Doc. 2) be denied and that the case be dismissed without prejudice due to improper venue.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 16, 2013

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).